KAREN NELSON MOORE, Circuit Judge,
concurring in the judgment.
While I concur in affirming the district court’s judgment, I write separately to express my views as to the proper grounds for reaching this result. I do not believe it is necessary to reach the question of waiver and the application of Jones v. Illinois Central Railroad Co., 617 F.3d 843 (6th Cir.2010), in this instance.
This Circuit has previously recognized that “waiver is a prudential rule, not a jurisdictional one.” Vistein v. Am. Registry of Radiologic Technologists, 342 Fed.Appx. 113, 124 n. 3 (6th Cir.2009) (unpublished opinion) (quoting United States v. Martin, 438 F.3d 621, 627 (6th Cir.2006)) (internal quotation marks omitted). ‘We have generally considered the following factors in determining whether to exercise our discretion to adjudicate the merits of an issue that has been waived: 1) whether the question is one of law or one that requires some factual development, 2) whether the proper resolution of the issue is clear beyond doubt, 3) whether the failure to take up the issue will result in a miscarriage of justice, and 4) the parties’ right to have their issues considered by both a district judge and an appellate court.” Id. (citing Scottsdale Ins. Co. v. Flowers, 513 F.3d 546, 552-53 (6th Cir.2008)).
The question before us is undoubtedly one of law: whether the prejudicial conduct of defense counsel was so severe and pervasive as to warrant granting Park West’s request for a new trial. The answer to this question is clear, and failure to resolve it would result in an affirmative miscarriage of justice. As the district court identified in its opinion of August 16, 2010, the misconduct by defense counsel in this case “was frequent, highly prejudicial, and permeated the trial proceedings.” Park West Galleries, Inc. v. Global Fine Art Registry, LLC, 732 F.Supp.2d 727, 754 (E.D.Mich.2010). Indeed, the conduct was so extreme that the district court concluded not even curative instructions could have remedied its prejudicial effect and, for that reason, held that Park West’s “failure to object and/or request a curative instruction” in the face of each instance of misconduct did “not constitute a sufficient basis for the [district court] to deny [Park West’s] motion for a new trial.” Id. at 755. This is the precise scenario in which, regardless of waiver, a court should intervene to ensure that the interests of justice are served.
Affirming the district court’s judgment in this instance is also consistent with the expansive nature of the district court’s power under Rule 59. It is well established that a district court has “ample power to prevent what he [or she] considers to be a miscarriage of justice” pursuant to *550 Rule 59 by invoking the Rule 59(e) power to order a new trial sua sponte. See 11 Charles Alan Wright & -Arthur R. Miller, Federal Practice and Procedure § 2803 (2d ed.2012). We generally defer to the exercise of that power, reviewing it only for abuse of discretion. See id.; Nolfi v. Ohio Ky. Oil Corp., 675 F.3d 538, 552 (6th Cir.2012). Although the district court did not purport to exercise explicitly such power in this instance, the district court certainly suggested that it would have been so inclined had Park West not made motion for this specific relief. See Park West Galleries, 732 F.Supp.2d at 749-51. Because of the pervasiveness of the misconduct present in this case, I would not hesitate to affirm the exercise of the district court’s discretion in this regard.
Based on the foregoing, I conclude that we need not decide the question of waiver because, regardless, the interests of justice require that we affirm the district court’s grant of Park West’s motion for a new trial. Accordingly, I concur in the judgment.